### NIEWINSKI *v.* NIEWINSKI.

Divorce—Custody of Child—Property Settlement—Husband's First Option to Buy Home.

> Where trial court awarded wife decree of divorce and the custody of the 16-year-old daughter of the parties and gave the husband the first option to buy the home of the parties, held by the entireties, and no complaint is made on wife's appeal therefrom as to the amount awarded the wife, it is not shown that she is unable to obtain an equally desirable home for as much as the home in question would cost her, nor that the anemic daughter's health requires or would be better preserved by continuing in the particular home, disposition made by the trial court is not disturbed.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 14, 1949. (Docket No. 80, Calendar No. 44,224.) Decided April 11, 1949.

Bill by Mike Niewinski against Louise Niewinski for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on grounds of extreme and repeated cruelty and nonsupport. Decree for defendant on

References for Points in Headnotes
17 Am. Jur., Divorce and Separation, § 448.

cross bill. Defendant appeals from provision relating to property settlement. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Meyer Weisenfeld* and *Joseph A. Lewandowski,* for defendant.

Dethmers, J. A decree granting the wife a divorce on the grounds of extreme and repeated cruelty awarded her custody of the 16-year-old daughter, since become 17, and decreed as to real estate owned by the parties as tenants by the entireties and occupied as their home, that it should be the property of the husband provided he should, within 15 days from date of decree, pay the wife $5,000 and assume payment of a $500 mortgage due thereon, and, failing therein, the wife should, within the next ensuing 15 days, have the right to pay the husband $4,500 and assume payment of the mortgage, whereupon she should be decreed to be the owner.

The wife appeals on the ground that the court should have given her, rather than her husband, the first option to purchase the premises, because the equities of the case are with her, she now occupies the premises as her home, and the daughter entrusted to her care suffers from anemia, requiring medical care.

No complaint is made of the amount awarded the wife. It is not shown that she is unable to obtain an equally desirable home for as much as the one in question would cost her under the decree. Neither is it shown that the daughter's health requires or would be better preserved by continuing in this particular home. The proofs are that the parties bought it in 1942 for $6,950 and that they estimated its worth at the time of trial between $9,500 and $10,000, of which price the judge said:

"Whoever buys it is going to end up with a house that isn't worth that."

Hearing this case *de novo,* we are not satisfied that the best interests of the wife and her daughter would be better served by a provision such as she now urges.

Decree affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.